FILED
2009 Jan-15 PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| REGINA FRANKLIN, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]   7:06-CV-2165-LSC |
| | ] |
| DOLGENCORP, INC., *et al.*, | ] |
| | ] |
| Defendants. | ] |

**Order and Memorandum of Opinion**

I. Introduction

Plaintiff Franklin[1] brought suit against Defendants ("Dolgencorp"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

---

[1] The matter before the Court was originally filed by Defendant with regard to Plaintiff Womack. Counsel for the Defendant, during a telephonic conference, agreed to substitute Plaintiff Franklin for Womack as Franklin was to be severed for trial from the six other Plaintiffs because the controlling regulations, amended in 2004, applied only to her. (*Womack v. Dolgencorp, Inc.*, 7:06-CV-02213-LSC, Doc. 86.) Plaintiff Womack, along with the five other Plaintiffs set for trial in this Matter, has been dismissed with prejudice pursuant to a settlement agreement entered into between the parties. (*See, e.g.*, *Womack v. Dolgencorp, Inc.*, 7:06-CV-02213-LSC, Doc. 146.) Accordingly, this Court, at the behest of the Defendant, converts the motion for interlocutory appeal, as filed by Womack, to one filed by Plaintiff Franklin. Other than the fact that the Department of Labor's regulations, as amended, apply to Franklin, whereas the earlier iteration applied to Womack, there are no material differences between the parties that would affect this opinion.

("FLSA"), and seeking damages resulting from the alleged failure to pay overtime wages. Dolgencorp claims Plaintiff falls under the FLSA's executive employee exemption and is therefore exempt from being paid overtime wages because Plaintiff's primary duty is managerial under the statute and its implementing regulations, specifically 29 C.F.R. §§ 541.1, 541.102, 541.103.

At the initial summary judgment stage, this Court concluded that the plaintiff fell under the Act's executive exemption for overtime pay, and summary judgment was thus granted. (Doc. 68). Specifically, this Court granted summary judgment because it found that: (1) the facts were undisputed; and (2) while considering the facts in a light most favorable to the nonmoving party, the Plaintiffs' primary duty was management under the FLSA and its regulations, specifically 29 C.F.R. § 541.103 (2003).[2] Plaintiff appealed that decision, and the question brought before the Eleventh Circuit was "whether there [was] a genuine issue of material fact as to whether [Plaintiff's] primary duty was management." (Doc. 78). The

---

[2]The regulations issued by the Department of Labor defining the executive exemption were amended effective August 23, 2004.

Eleventh Circuit vacated this Court's grant of summary judgment and remanded so that this Court could "reconsider its decision in light of" *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259 (2008). (Doc. 78). This Court subsequently denied summary judgment on remand in this action and seven of the cases were set for trial. (Doc. 78).

Defendants now move this Court to certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), its Order denying summary judgment. Furthermore, during the pendency of any appeal, the Defendants move to stay certain other related actions brought against them under the FLSA.[3] (*Womack v. Dolgencorp, Inc.*, 7:06-CV-02213-LSC, Doc. 82).

## II.  Discussion

In *Rodriguez*, the plaintiff store managers, in a collective action, sued under the FLSA for unpaid overtime wages.  The defendants asserted the managers fell under the executive exemption of the FLSA and were not entitled to overtime pay.  The district court denied summary judgment because the facts were "'hotly disputed,'" 518 F.3d at 1262 (quoting the

---

[3]Because the companion cases have been dismissed, the question of stay is moot.

district court's opinion).  At trial, both sides presented evidence for and against a determination that the employees qualified as managers.  After considering the evidence, the jury found that the plaintiff store managers did not fall within executive exemption and awarded damages to the plaintiffs accordingly. After the verdict was rendered, the defendants moved for a judgment as a matter of law or, in the alternative, for a new trial.  This motion was summarily denied and the defendants appealed.

The Eleventh Circuit affirmed the district court. *Id.* at 1264. Defendant made two primary arguments on appeal.  First, it argued that the employees fell within the executive exemption "as a matter of law" from the face of regulation 29 C.F.R. § 541.103 (2002).  *Id.*  The Eleventh Circuit understood this to mean that "any employee who has the responsibility over a free-standing business location, as these plaintiffs did, must come within the executive exemption." *Id.*  In rejecting the defendant's contention, the Eleventh Circuit noted that determination of an executive determination was not disposed of by "simply slapp[ing] on a talismanic phrase," and that the primary duty inquiry was "necessarily fact-intensive."  *Id.*   Citing 29 C.F.R. § 541.103 (2002), the court rejected the defendant's "categorical

approach" and held that a determination of primary duty must be based on all the facts in a particular case. *Id.*

The defendant also argued that there was not enough evidence to support the jury's verdict. The Eleventh Circuit rejected this argument as well, noting that the inquiry was not whether there was evidence supporting a verdict for the defendant, but whether there was *not* sufficient evidence to support a finding for the plaintiff. *Id.* at 1264-65. The court held that "considering the evidence as a whole and viewing it in the light most favorable to the verdict, there was enough for the jury reasonably to find, as it explicitly did, that the primary duty of the store managers was not management." *Id.* *Rodriguez* appears to dictate that such an inquiry is a question of fact. Stated another way, since the Eleventh Circuit remanded this case under *Rodriguez*, despite there being no facts in dispute, it would appear to indicate that even when the facts are undisputed, the question of "primary duty" is one properly for the jury.[4]

---

[4]This Court is mindful that the Eleventh Circuit expressly refrained from entertaining an opinion whether summary judgment is appropriate in this case or not. (Doc. 78). However, the remand itself signals to this Court that *Rodriguez* impacts the legal analysis of the case at bar.

More recently, the Eleventh Circuit has considered the executive exemption defense under the FLSA in *Morgan v. Family Dollar Stores, Inc.*, WL 5220263 (11th Cir. December 16, 2008). In that case, the Defendant-appellant Family Dollar Stores, Inc. ("Family Dollar"), appealed a denial of judgment as a matter of law in part on the grounds that the "primary duty" of the plaintiffs was management, thus qualifying them for the executive exemption under the test articulated in 29 C.F.R. § 541.100(a) (2006). The court in *Morgan*, as in *Rodriguez*, rejected a categorical approach to executive exemption, and reiterated that the executive exemption question is a "necessarily fact intensive" inquiry. *Morgan*, at *25. The Eleventh Circuit noted that in such fact-intensive inquiries "'where an issue turns on the particular facts and circumstances of a case, it is not unusual for there to be evidence on both sides of the question, with the result hanging in the balance . . . the result reached must be left intact if there is evidence from which the decision-maker, the jury in this instance, reasonably could have resolved the matter the way it did.'" *Morgan*, at *24 (quoting *Rodriguez*, 518 F.3d at 1264). The Eleventh Circuit affirmed the jury's finding that Family Dollar did not meet its burden of proof for the executive decision.

The Court explicitly found that there was substantial evidence to support the jury's verdict for each factor in the primary duty test. *Morgan*, at *25.

Thus, under *Rodriguez* and *Morgan*, whether an employee's activities constitute management as that employee's primary duty is a question of fact for the jury, even when the facts are undisputed.[5] Once this determination is made, the application of that finding to the question of exemption is a question of law for the court.

### III.  Conclusion

The Eleventh Circuit has set out, in *McFarlin v. Conseco Serv's, LLC*, 381 F.3d 1251, 1264 (2004), the standard for determining the appropriateness of an interlocutory appeal under § 1292(b):

> [A]n appellate court ought to grant permission for appeal under § 1292(b) only on (1) pure questions of law, (2) which are controlling of at least a substantial part of the case, (3) and which are specified by the district court in its order, (4) and about which there are substantial grounds for difference of opinion, (5) and whose resolution may well substantially reduce the amount of litigation necessary on remand.

---

[5] Of course, *Rodriguez* presumably does not modify the traditional standard for summary judgment in that, if the undisputed facts were so one-sided as to make impossible a finding that an employee's primary duty was or was not managerial, resolution at the summary judgment stage would be appropriate.

As to the case at bar and in light of *Rodriguez* and *Morgan*, this Court disagrees with Defendant that there are controlling questions of pure law about which there are substantial grounds for difference of opinion. The denial of summary judgment after the Eleventh Circuit's remand to this Court was proper under *Rodriguez*, and the Eleventh Circuit's opinion in *Morgan* reaffirms this Court's conclusion. Therefore, there is no question of law that would necessitate an interlocutory appeal.

Accordingly, this Court DENIES Dolgencorp's motion for leave to file an interlocutory appeal of this Court's denial of summary judgment .

Done this 15th day of January 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671